THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FAUSTO RODRÍGUEZ GARCÍA, Defendant and Appellant.

No 16413. Submitted May 12, 1958.—Decided May 19, 1958.

*Héctor Lugo Bougal* for appellant. *J. B. Fernández Badillo, Attorney General, Arturo Estrella, Assistant Attorney General, Alfredo Archilla Guenard* and *William Fred Santiago, Fiscal* and *Assistant Fiscal of the Supreme Court,* respectively, for appellee.

PER CURIAM.

Fausto Rodríguez García was charged with a violation of § 77 of the Spirits and Alcoholic Beverages Act (13 L.P.R.A. § 1754). The trial having been held in the Superior Court, Ponce Part, the defendant was convicted and sentenced to six months in jail. In this appeal he assigns the following errors: (1) "That the lower court committed a serious error of law in finding the defendant guilty because the evidence is insufficient at law to support a conviction"; (2) "that the lower court committed a serious error of law in limiting the cross-examination by the defense of the only witness for the prosecution, in violation of the fundamental right of the defendant to cross-examine the adverse witnesses."

We are convinced that both errors are without basis. In the first place, the judge considered and weighed the evidence which was submitted to him by the parties, giving credit to that presented by the prosecution. In our opinion, the testimony of internal-revenue agent Manuel Torres Delgado, which was believed by the trial court, is sufficient at law to support the judgment. It is not true, as alleged by the appellant, that that testimony was dubious and evasive. We do not therefore feel justified in disturbing the judgment on the ground stated in the first assignment. *People v. Piñeiro,* 77 P.R.R. 502, 504 (1954); *People v. Comas,* 75 P.R.R. 388 (1953); *People v. Millán,* 71 P.R.R. 410 (1950).

■ The second assignment of error is entirely frivolous. The judge acted correctly in not permitting the attorney to continue cross-examining the witness for the prosecution on a question which had already been fully covered in the cross-examination by the defense. There is no right at all to repeat indefinitely the same questions to a witness. Furthermore, the evidence shows that the interests of the defendant were not jeopardized by such action of the trial judge.

The judgment will be affirmed.